HUA LIN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–1116–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

Peter D. Lobel, Theodore N. Cox, New York, NY, for Petitioner:

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Artemis Lekakis, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Hua Lin, a citizen of the People's Republic of China, seeks review of a February 14, 2006 order of the BIA affirming the September 20, 2004 decision of Immigration Judge ("IJ") Alan G. Page denying her application for asylum, withholding of removal and relief under Article

3 of the Convention Against Torture ("CAT"). *In re Hua Lin,* No. A97 390 689 (B.I.A. Feb. 14, 2006), *aff'g* No. A97 390 689 (Immig. Ct. N.Y. City Sept. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully affirms and adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003).

 On appeal, relying on our recent decision in *Hong Ying Gao v. Gonzales,* 440 F.3d 62 (2d Cir.2006), Lin maintains that the IJ erred in characterizing her claim as one based on her alleged forced abortions, rather than on her status as a woman "sold into forced marriage." Although Lin testified about her alleged forced marriage to a Taiwanese man, she failed to articulate before the BIA a claim for asylum relief based on membership in a particular social group. In addition, the government actively opposes review of this issue. Accordingly, we consider this issue administratively unexhausted and therefore waived.

To the extent that Lin's attack on the IJ's adverse credibility is not dependent on this waived argument, we are not persuaded that the IJ erred. The IJ correctly identified a number of inconsistencies in Lin's testimony, and between Lin's testimony at the hearing and her statements during her credible fear interview.[1]

We note that Lin brings no other claims to the Court, and does not challenge the agency's withholding of removal and CAT determinations. *See Yueqing Zhang v.*

*Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons the petition for review is DENIED. Having completed our review, Lin's pending motion for a stay of removal in this petition is DENIED.

---

1. Moreover, these inconsistencies are material not only to a claim based on Lin's forced abortions, but equally to Lin's claims regarding her marriage; for instance, Lin's testimony was inconsistent regarding when she left Taiwan, and whether she did so by herself or in her husband's company.